IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 12, 2008

**STATE OF TENNESSEE v. DARIUS JONES**

**Appeal from the Criminal Court for Shelby County**
**Nos. 01-04380-92    John P. Colton, Jr., Judge**

_____

**No. W2008-00101-CCA-R3-CD  - Filed June 16, 2009**

_____

The defendant, Darius Jones, was convicted of one count of first degree felony murder, four counts of aggravated robbery, three counts of attempted especially aggravated robbery, two counts of attempted aggravated robbery, and one count of aggravated burglary.  He was sentenced to consecutive sentences of life with the possibility of parole for the felony murder, ten years for each of the aggravated robberies and attempted especially aggravated robberies, and four years for each of the attempted aggravated robberies and the aggravated burglary, for an effective sentence of life plus eighty-one years.  On direct appeal, this court affirmed all of the defendant's convictions and his life sentence for the felony murder conviction but remanded for resentencing on the remaining convictions in light of Blakely v. Washington, 542 U.S. 296 (2004).  This court also ordered that the trial court revisit the issue of consecutive sentencing and place its specific findings on the record. After being resentenced to life plus fifty-four years, the defendant appeals again, arguing the trial court erred in imposing consecutive sentences.  Following our review, we conclude that the trial court did not revisit the issue of consecutive sentencing and place specific findings in the record regarding its determination.  Accordingly, we remand this matter a second time for the court to do so.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Michael E. Scholl, Memphis, Tennessee, for the appellant, Darius Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; William L. Gibbons, District Attorney General; and P.T. Hoover, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## FACTS

We discern the relevant factual history from our opinion on direct appeal. State v. Darius Jones, No. W2003-02225-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 1111 (Tenn. Crim. App. Dec. 15, 2004), perm. to appeal denied (Tenn. May 2, 2005). On September 29, 2000, Enrique Diaz Castillo and some friends, Pablo Alvarado, Armando Becerra, and Hector Moreno, were playing a card game at an apartment in Memphis when two masked African-American men entered the front door and demanded money. The masked men walked into the kitchen of the apartment where Carlos Diaz Ponce, Jose Jesus Romero Ponce, Hector Martinez Hernandez, Jose Gomez, and Alfonso Enrique Becerra were drinking tequila and demanded money from them as well. The assailants shot Armando Becerra, Hector Moreno, and Pablo Alvarado during the course of the robbery. Becerra later died from his injury. Id. at *3-5.

In addition to remanding for the trial court to reconsider the sentences in light of Blakely, this court directed that "the trial court should revisit the issue of consecutive sentencing, placing its specific findings on the record." Id. at *36. The court also noted that it could not properly review the issue without the presentence report, which was not included in the appellate record. Id.

On remand, the trial court conducted a sentencing hearing on December 7, 2007. At the hearing, the court sentenced the defendant to the minimum in the range for each offense for a total sentence of life plus fifty-four years. Also at the hearing, the assistant district attorney stated that "the Court's already ruled on the consecutive/concurrent, so that's not an issue at this point," and defense counsel noted, "Your Honor has given a ruling on the consecutive sentencing."

## ANALYSIS

The posture of this case is that, upon the first appeal, this court affirmed all of the defendant's convictions, remanded for the trial court to reconsider each of the individual sentences in light of Blakely, and make specific findings as to why the sentences were ordered to be served consecutively. Following the remand, the court sentenced the defendant, as to each conviction, to the minimum sentence in the range. However, partly upon the misinformation from counsel, the trial court did not conduct an additional sentencing hearing and make specific findings as to why the defendant should serve his sentences consecutively. Accordingly, for a second time, we remand this matter for the trial court to conduct a hearing and make specific findings as to why the defendant's sentences should be served consecutively.

Moreover, our opinion on direct appeal specifically stated that we were unable to properly review the sentencing because the presentence report was not included in the record, yet the presentence report again was not included in the record on appeal. We direct that a copy of this report be placed in the record.

As an aside, the defendant also argues that Tennessee's sentencing scheme with regard to consecutive sentencing violates the Sixth Amendment in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). He argues that our supreme court's decision in State v. Allen, 259 S.W.3d 671 (Tenn.

2008), which concluded otherwise, should be overturned.  However, it is not the province of this court to overturn decisions of our supreme court.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgments of the trial court are reversed and remanded for the trial court to conduct a hearing and make specific findings as to why the defendant's sentences should be served consecutively.

_____
ALAN E. GLENN, JUDGE